UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | |
|---|---|
| IN RE: | CASE NO.: 25-44471-nhl |
| | CHAPTER:11 |
| Nechama Bernstein, | |
| | HON. JUDGE: |
| | Nancy Hershey Lord |
| Debtor. | |

-------------------------------------------------------------------X

# MOTION FOR ORDER PURSUANT TO § 1112(b) OF THE BANKRUPTCY CODE DISMISSING CASE OR ALTERNATIVELY GRANTING RELIEF FROM THE AUTOMATIC STAY

Truestone Lending LLC as servicer for G2 Funding, LLC (together with any successor or assign, the "Movant"), hereby submits this motion ("Motion") seeking entry of an Order (i) pursuant to section 1112(b) of Title 11 of the United States Code ("Bankruptcy Code") dismissing the Chapter 11 case of Nechama Bernstein ("Debtor") for cause to permit Movant to proceed with its pre-petition state court remedies, including, but not limited to, a foreclosure auction and sale of the Debtor's real property located at and known commonly as 580 Crown Street, Unit 003, Brooklyn, NY 11213 ("Property")[1]; or (ii) alternatively granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1); and granting such other, further, and different relief as this Court deems just and proper, and in support thereof, states as follows:

## PRELIMINARY STATEMENT

1. By this Motion, Movant requests entry of an order dismissing the Debtor's bankruptcy case because it is objectively futile and filed in bad faith. The instant bankruptcy case was filed

---

[1] Debtor executed a personal guaranty in connection with the underlying Loan.

on September 18, 2025, for the sole purpose of stopping a (second) foreclosure sale which was scheduled that day.

2. The bad faith nature of this case is underscored by the fact that this bankruptcy case follows the 2025 bankruptcy case of Meir Bernstein LLC ("Borrower"), 25-41641-nhl ("First Case") filed on April 3, 2025 which stayed the first scheduled foreclosure sale with respect to the Property. Noticeably, the First Case was not prosecuted and Movant's Motion to Dismiss/Lift was initially resolved by Conditional Order entered on June 2, 2025 and after Borrower immediately defaulted under the Conditional Order, an Order Vacating the Automatic Stay was entered on June 23, 2025.

3. This case was filed in bad faith in light of the fact that there is no equity in this Property; and Movant is the only secured creditor, and while Debtor lists some unsecured creditors, this case is essentially a two-party dispute involving purely state law issues that can and should be determined in a non-bankruptcy forum.

4. Further, the Debtor lacks equity in the Property and a JFS was entered in January 2025. Thus, there is no legitimate purpose for the filing. As Movant is an under secured creditor, the Debtor cannot propose a Chapter 11 plan over Movant's Objection.

5. Based upon the foregoing, it is submitted that this case should be dismissed to allow Movant to pursue its state law remedies or alternatively that the stay is lifted so that the Movant may proceed with its state law rights with respect to the Property.

### FACTUAL HISTORY

6. Movant is a secured creditor of Meir Bernstein LLC (the "Borrower") pursuant to a Consolidated Note executed by Debtor, in her capacity as managing member of the Borrower, on January 13, 2020, whereby the Borrower promised to repay $812,000.00 plus interest to G2 Funding LLC (the "Note"). In connection with the loan transaction, on that same date, Debtor

executed a personal guaranty ("Guaranty"). To secure the repayment of the Note, Debtor, in her capacity as managing member of the Borrower executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of G2 Funding LLC, which was recorded on January 23, 2020, in The Office of The City Register of The City of New York Register under Document # 2020000028508 encumbering the Property. Copies of the Note, Guaranty and Mortgage, are attached hereto as **Exhibit A**.

7. Upon information and belief, the Loan was an interest only loan for one year in which no payments were made.

8. As the Borrower became delinquent under the terms of the Loan, prior to the instant bankruptcy filing, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings ("Foreclosure Action"), which was assigned Index No. 504452/2022. Subsequently, a Judgment of Foreclosure and Sale ("JFS") was entered in the Foreclosure Action on January 27, 2025. A copy of the entered JFS is annexed hereto as **Exhibit B.**

9. Following the entry of the JFS, Movant scheduled a foreclosure sale for April 3, 2025, which was stayed by the Borrower's First Bankruptcy Case.

10. Subsequently, Movant scheduled a foreclosure sale for September 18, 2025.

11. The Debtor filed the instant bankruptcy case on September 18, 2025. A copy of the notice of sales is annexed hereto as **Exhibit C**.

## **RELIEF REQUESTED**

**I.      This Case Should Be Dismissed Pursuant to 11 U.S.C. § 1112(b)**

10. By the Motion, Movant seeks entry of an Order dismissing the Debtor's bankruptcy case for cause pursuant to Bankruptcy Code § 1112(b)(l). In the alternative, Movant requests that this Court enter an Order modifying the automatic stay pursuant to sections 362(d)(4) to prevent any further bad faith filings with respect to the Property.

11. Under Bankruptcy Code § 1112(b)(l), a bankruptcy court is permitted to dismiss a chapter 11 case for "cause". 11 U.S.C. § 1112(b). Section 1112(b) sets forth a list of what may constitute cause, but it is widely recognized that such list is "illustrative, not exhaustive." *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship),* 113 F.3d 1304, 1311 (2d Cir. 1997); *see In re Babayoff,* 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011). As the House Report accompanying the Bankruptcy Act of 1978 explained, "[t]he Court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." H.R. REP. NO. 95-595, 95th Cong., 1st Sess. at 405-06 (1978). Two causes for dismissal of a chapter 11 case that are widely recognized in the Second Circuit and by bankruptcy courts across the country are:

(A) the chapter 11 case was filed in bad faith; and
(B) the debtor is unable to effectuate a confirmable plan. Both of these causes are present in this case and accordingly, the Debtor's bankruptcy case should be dismissed for cause.

12. The language of Bankruptcy Code § 1112(b)(l) is mandatory such that, if cause is found, the Court must convert or dismiss the case unless unusual circumstances can be established that demonstrate the conversion or dismissal is not in the best interests of the estate. 11 U.S.C. § 1112(b)(l) and (b)(2); *see Babayoff,* 445 B.R. at 76; *In re Acme Cake Co., Inc.,* 495 B.R. 212, 222 (Bankr. E.D.N.Y. 2010).

**A. <u>The Debtor's Case Should Be Dismissed Because it was Filed in Bad Faith</u>**

13. Courts in the Second Circuit have consistently recognized that filing of a chapter 11 case in bad faith constitutes cause to dismiss the case under Bankruptcy Code § 1112(b). *See C-TC 9th Ave. P'ship,* 113 F.3d at 1310 ("A bankruptcy court may dismiss a bad faith filing on an interested party's motion or sua sponte."); *In re Island Helicopters,* 211 B.R. 453, 461 (Banla. E.D.N.Y. 1997) ("Although chapter 11 does not explicitly so state, it is well established that bad faith may serve as a ground for dismissal of a bankruptcy petition." (internal quotations and

citations omitted)). Whether a Chapter 11 petition was filed in bad faith requires determining whether "it is clear that on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." *1633 Broadway Mars Rest. Corp. v. Paramount Grp., Inc. (In re 1633 Broadway Mars Rest. Corp.),* 388 B.R. 490, 498 (Bankr. S.D.N.Y. 2008) (quoting *Baker v. Latham SparrowbushAss'n (In re Cohoes Indus. Terminal, Inc.),* 931 F.2d 222, 227 (2d Cir. 1991)). "The test as a whole looks to the Debtor's intentions and realistic goals." Id. As will be explained below, the Debtor's bankruptcy filing evidences a plain intent to avoid the consequences of the Foreclosure Judgment and to further delay and obstruct Movant from rightfully regaining possession of the Property. Moreover, there is no reasonable likelihood that the Debtor will successfully reorganize given the absence of income, assets, and creditors.

14. Bad faith dismissals have "long been the policing mechanism for Bankruptcy courts to make certain that those who invoke the reorganization or rehabilitation provisions of the bankruptcy law do so only to accomplish the aims and objectives of bankruptcy reorganization philosophy and for no other purpose." *In re Island Helicopters,* 211 B.R. at 462 (citation omitted). "As a general rule where, as here, the timing of the filing of a Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith." *In re HBA East, Inc.,* 87 B.R. 248, 259-60 (Bankr. E.D.N.Y. 1988) (citations omitted). The timing of the bankruptcy filing leaves no doubt as to the Debtor's motives-to prevent Movant from proceeding with its JFS and regaining possession of the Property.

15. In addition to the timing of the filing of a Chapter 11 petition, bankruptcy courts look to a number of circumstances in determining whether a petition was filed in bad faith and should be dismissed. "This court may consider any factors which evidence an intent to abuse

the judicial process and the purposes of the reorganization provisions or, in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of creditors to enforce their rights." *In re Island Helicopters,* 211 B.R. at 462 (internal quotations, alterations and citations omitted).

16. Here, the Debtor is not motivated by a legitimate desire to reorganize, but rather by a desire to delay and obstruct Movant and avoid the consequences of the JFS. The Debtor lists employment which brings home $4,000 a month and then un-identified loans and community support of $3,500. The Debtor's schedules therefore reveal the sole purpose for filing this bankruptcy case is to delay and obstruct Movant from exercising its legitimate state law rights with respect to the Property.

17. The Second Circuit has found that the filing of a bankruptcy case in bad faith is cause for dismissal. *See In re CTC 9th Avenue Partnership v. Norton Co.,* 113 F.3d 1304, 1310 (2d Cir. 1997), and outlined a number of factors as indicative of a bad faith filing. Those factors cited are:

   a. the debtor has only one asset;
   b. the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
   c. the Debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
   d. the Debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
   e. the timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights;
   f. the debtor has little or no cash flow;
   g. the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
   h. the debtor has no employees.
   i. The Debtor lacks adequate insurance on the property.

*Id* at 1311 (citing *Pleasant Pointe Apartments, Ltd v. Kentucky Hous. Corp.,* 139 B.R. 828, 832 (W.D. Ky. 1992)).

***(1) The Debtor has only one asset.***

18.     Here, the Debtor is not a party to the underlying loan documents and from schedules filed it appears that the only asset of the Debtor is the Property, which is subject to Movant's secured lien. As the Debtor does not own any property with equity and thus has no assets to administer pursuant to a prospective plan of reorganization, this case must be dismissed.

***(2)     The Debtor has few unsecured creditors whose claims are small in relation to those of secured creditors.***

19.     The Debtor has not filed complete schedules. Accordingly, as the Debtor's only secured creditor with respect to the Property, which is severely underwater, this fact weighs in favor of dismissal of this action.

***(3)     The Debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt.***

20.     Here, the Debtor's sole asset is subject to the Foreclosure Action which has proceeded towards conclusion and the JFS has been obtained. Indeed, the Debtor is clearly seeking to maintain possession of the Property and frustrate and delay Movant's rights to proceed with a sale of the Property.

***(4) The Debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action.***

21.     The Debtor's dispute is a two party dispute between Debtor and Movant. The Debtor has filed this bankruptcy case in order to further delay and obstruct Movant. The rights to possession of the Property can, and should, be resolved in the state court pursuant to the parties' existing rights and obligations under the Loan.

***(5)     The timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.***

22. The filing of this case was in response to the JFS and Movant's scheduling of its second foreclosure sale – it is nothing more than a mere attempt by the Debtor to delay the inevitable foreclosure sale.

*(6)    The debtor has no cash flow.*

23. There does not appear to be any information regarding cash flow or that the Debtor is generating any income from its operating of the Property.

*(7)    The Debtor can't meet current expenses including the payment of personal property and real estate taxes.*

24. Upon information and belief, the Debtor is unable to meet current expenses, and it is clear that (i) expenses are not being paid, (ii) the loan defaulted and the JFS entered and (iii) the Debtor has failed to make its post-petition real estate tax payments which have become due.

*(8)    The Debtor lacks adequate insurance on the property*

25. Upon information and belief, there is no insurance protecting the property from any damage, leaving the collateral for the money owed to Secured Creditor in an incredibly precarious position.

26. Overall, the above factors, along with all of the other circumstances surrounding this case, demonstrate that the Debtor's bankruptcy case was filed in bad faith with the sole aim of delaying and frustrating the legitimate efforts of Movant to proceed with a foreclosure sale of the Property. Given the fact that the Debtor has no assets, no creditors, and has failed to make any adequate protection to Movant, it is clear that the Debtor is not motivated by a plausible or legitimate intention to reorganize and utilize the protections afforded by the Bankruptcy Code. Rather, this is just the latest tactic employed by the Debtor to delay and obstruct Movant and avoid the consequences of the JFS. This Court should not countenance this behavior and should dismiss the Debtor's case for cause pursuant to Bankruptcy Code§

1112(b)(l).

### B. The Debtor's Bankruptcy Case Should Be Dismissed Because the Debtor is Unable to Effectuate a Plan

27. In addition to recognizing bad faith in filing as a basis for dismissal of a chapter 11 case, it is also widely recognized that a chapter 11 case may be dismissed where the debtor cannot effectuate a confirmable plan of reorganization. *See In re Babayoff,* 445 B.R. at 76 ("Courts recognize that cause under Section 1112(b) may be established where the record shows that the debtor cannot effectuate a plan."). "A debtor is unable to effectuate a plan where it lacks the ability to formulate a plan or to carry one out." *Id.* (internal quotation and citation omitted).

28. Here, the Debtor has nothing to reorganize – she has no operations, she has no assets with equity, no cash flow, and has additional unsecured creditors in connection with her operation of the Property. Rather, the Property is underwater and subject to a JFS. Accordingly, there is nothing for this Debtor to reorganize.

29. Moreover, Bankruptcy Code § 1129(a)(3) provides that a plan may only be confirmed if such plan was proposed in good faith. As demonstrated above, the Debtor's entire bankruptcy case was filed in bad faith in an attempt to circumvent the JFS and in order to delay and obstruct Movant. Indeed, any plan proposed by the Debtor will lack the good faith necessary for confirmation under Bankruptcy Code§ 1129(a)(3).

30. Furthermore, the Property is fully encumbered by Movant's lien and there is insufficient value to effect a distribution to creditors. In fact, Movant's deficiency claim will monopolize the unsecured class. Absent agreement in full of Movant's claim on the effective date of a plan, the Debtor cannot confirm any such plan over Movant's objection. As such, the Debtor would be unable to propose a plan over Movant's objection which could meet the confirmation standards of Section 1129 of the Bankruptcy Code.

31. In light of the foregoing, Movant submits that dismissal of the Debtor's

bankruptcy case for cause under Bankruptcy Code § 1112(b)(1) is both necessary and appropriate.

## II. IN THE ALTERNATIVE, THE AUTOMATIC STAY SHOULD BE MODIFIED PURSUANT TO BANKRUPTCY CODE § 362(d)(1)

32. The Debtor has failed to pay the outstanding balance due upon the maturity of the loan. As a result, the Loan remains due and owing, with a total amount outstanding of $1,852,692.72 as of October 1, 2025.

33. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

34. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

35. In light of the above, the secured creditor alternatively pleads for relief from the automatic stay pursuant to 11 U.S.C. 362(d)(1).

Dated: October 23, 2025
Garden City, New York

By: s/ Michael Rozea
Michael T. Rozea, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150